**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-00558-CMA-MEH

CORNELLA BROTHERS, INC., a Colorado corporation,

    Plaintiff,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Wisconsin corporation, and VELOCITY CONSTRUCTORS, INC., a Colorado corporation,

    Defendants.

---

**ORDER DENYING MOTION TO REMAND**

---

This matter is before the Court on the Motion to Remand filed by Plaintiff Cornella Brothers, Inc. ("Cornella"). (Doc. # 11.) For the reasons that follow, the motion is denied.

## I. BACKGROUND

This action stems from the decision made by Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") not to defend Cornella and Co-Defendant Velocity Constructors, Inc. ("Velocity") in a state-court lawsuit initiated by non-party Cherokee Metropolitan District ("Cherokee"). Cherokee had contracted with Velocity, who in turn subcontracted with Cornella, to design and construct a groundwater recharge facility. When Cherokee sued Velocity over alleged defects, Velocity filed a third-party complaint against Cornella who, in turn, looked to Liberty Mutual to defend it and Velocity.

The subcontract between Cornella and Velocity contained a provision requiring Cornella to name Velocity as an additional insured under its commercial general liability policy. Whether Cornella properly did so is, effectively, the basis for the instant action. When Liberty Mutual denied coverage to Cornella and Velocity for the Cherokee lawsuit, Cornella initiated a declaratory judgment action in the district court of El Paso County, Colorado, seeking a declaration that Liberty Mutual is required to defend it and Velocity. Liberty Mutual removed the case here on the basis of diversity jurisdiction (Doc. # 1), and Cornella now seeks to have the case remanded to state court (Doc. # 11). The motion is ripe for ruling.[1]

## II. ANALYSIS

A defendant may remove a state civil action "to the district court of the United States for the district and division embracing the place where such action is pending," when the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). The party invoking federal jurisdiction bears the burden of proving that such jurisdiction exists. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Thus, when a defendant removes a case from state court asserting diversity jurisdiction, it must establish that the jurisdictional requirements of 28 U.S.C. § 1332 have been met. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

---

[1] Liberty Mutual responded to the motion on April 10, 2013 (Doc. # 16), to which Cornella replied on April 25, 2013 (Doc. # 19).

2

In the instant case, Cornella does not dispute that the amount in controversy requirement is satisfied, and none of the parties dispute either (1) that Cornella and Velocity are both Colorado corporations with their principal places of business in Colorado or (2) that Liberty Mutual is a Wisconsin corporation with its principal place of business in Massachusetts. Ordinarily, when a plaintiff and defendant share citizenship of the same state, as Cornella and Velocity do here, diversity jurisdiction fails. *See, e.g.*, *Cameron v. State Farm Mut. Auto Ins. Co.*, No. 10-cv-00699, 2010 WL 1413174, at *3 (D. Colo. April 2, 2010) (unpublished) (to establish diversity jurisdiction, "no plaintiff may be the citizen of a state of which any defendant is also a citizen"). However, Liberty Mutual asserts that it is "the only properly joined defendant[,]" "Velocity [was] fraudulently joined[,]" and "to the extent Velocity has an interest in this action, it is aligned with plaintiff Cornella." (Doc. # 1 at 3.)

The doctrine of fraudulent joinder provides that "the joinder of a non-diverse defendant will only prevent removal when the plaintiff has a legitimate claim against [it]." *Nunn v. St. Paul Travelers*, No. CIVA05CV01246, 2006 WL 827403, at *1 (D. Colo. Mar. 28, 2006) (unpublished). In other words, "[i]f the plaintiff fails to state a cause of action against a the [*sic*] resident defendant who defeats diversity, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F. Supp. 1399, 1403 (D. Colo. 1989). Fraudulent joinder is "a narrow exception to the requirement of complete diversity between the parties." *Franklin D. Azar & Assocs., P.C. v. Farmers Ins. Exchange*, No. 13-cv-00661, 2013 WL 1324916, at *1 (D. Colo. April 1, 2013)

(unpublished). As such, the party asserting fraudulent joinder bears a "heavy burden" in demonstrating that there is "no possibility that [plaintiff] would be able to establish a cause of action against the joined party in state court." *Montano v. Allstate Indemnity*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. April 14, 2000) (unpublished) (quotation marks and citation omitted) (alteration in original).

Cornella's amended complaint, which was filed in state court on January 31, 2013, asserts merely one claim: *i.e.*, for declaratory relief under the Uniform Declaratory Judgments Law ("Uniform Law"), Colo. Rev. Stat. §§ 13-51-101, *et seq.*, and Colo. R. Civ. P. 57 (*see* Doc. # 5), which are the state-law mechanisms that "give trial courts broad power to declare rights, status, and other legal relations," *American Civil Liberties Union of Colorado v. Whitman*, 159 P.3d 707, 709 (Colo. App. 2006). The Uniform Law states that

> [a]ny person interested under a . . . written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Colo. Rev. Stat. § 13-51-106.

However, the "broad power" to interpret written instruments under the Uniform Law is not without limits. Indeed, "[a] declaratory judgment action must be based on an actual controversy, and the plaintiff must allege an injury in fact to a legally protected or cognizable interest." *Whitman*, 159 P.3d at 709. Whether an actual controversy exists within the context of a declaratory judgment action rests on a determination of "whether the facts alleged, under all the circumstances, show that there is a substantial

4

controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

In the instant case, the Court agrees with Liberty Mutual that Cornella and Velocity do not maintain legal interests adverse to one another. In fact, because Cornella is seeking to have Liberty Mutual defend it and Velocity, Velocity's interests are aligned with Cornella's and, as such, are adverse to Liberty Mutual's. In response to Cornella's motion to remand, Liberty Mutual correctly points out that "Cornella does not . . . identify any dispute between Cornella and Velocity that is to be resolved in this litigation." (Doc. # 16 at 4.) As Liberty Mutual notes, if Cornella prevails in this action, it will "obtain a court declaration that Liberty Mutual is obligated to defendant Cornella and Velocity" – that is, Cornella will obtain a benefit for, as opposed to something from, Velocity. (*Id.*) Despite these arguments, Cornella fails to explain how its interests are adverse to Velocity's. Cornella states that "the basis of coverage is different" for it than for Velocity, because "Cornella seeks coverage under its policy of insurance," while "Velocity seeks coverage as an additional insured." (Doc. # 19 at 3.) This is a distinction without a difference, as is Cornella's highly similar assertion that "coverage will need to be analyzed separately for Cornella and Velocity." (*Id.*) Accordingly, the Court determines that Liberty Mutual has met its burden of establishing that Velocity was fraudulently joined and that, therefore, diversity jurisdiction is proper in this matter.

To be sure, such determination does not mean that Velocity has no interest in this litigation or that it is not rightfully a party to this suit. Under Colo. Rev. Stat. § 13-51-115,

"[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration . . . ." Rather, as Liberty Mutual argues, whether Cornella properly named Velocity as a plaintiff or a defendant when it filed suit has no bearing on the Court's power, and responsibility, to "look beyond the pleadings" to ascertain the interests of the parties for purposes of determining diversity jurisdiction. *See, e.g.*, *Myers v. Healthmarkets, Inc.*, No. 08-cv-01533, at *3 (D. Colo. May 8, 2009) (unpublished) ("the court may look beyond the pleadings to determine whether the joinder was fraudulent"). Because Velocity only stands to gain by Cornella's success on its sole claim for relief, the mere fact that Velocity was named as a Defendant cannot impede the Court's exercise of diversity jurisdiction in this case.

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff Cornella Brothers, Inc.'s Motion to Remand (Doc. # 11) is DENIED.

DATED: May   03  , 2013

BY THE COURT:

*[signature: Christine M. Arguello]*

CHRISTINE M. ARGUELLO
United States District Judge